UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
NOV 19 2026
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V. INDICTMENT NO. 5:26CR135-KKC-MAS

DELVEGIO CHRISTOPHER LAX,
aka FOX, and
MAURICE WARD

* * * * *

THE GRAND JURY CHARGES:

**COUNT 1**
**21 U.S.C. § 846**

From on or about October 8, 2026, until on or about October 14, 2026, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**DELVEGIO CHRISTOPHER LAX,**
**aka FOX, and**
**MAURICE WARD**

did knowingly and intentionally conspire together to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

**COUNT 2**
**18 U.S.C. § 922(g)(1)**

On or about October 14, 2026, in Fayette County, in the Eastern District of Kentucky,

**DELVEGIO CHRISTOPHER LAX,**
**aka FOX**

knowing he had previously been convicted of a crime punishable by imprisonment for a term

exceeding one year, did knowingly possess a firearm, that is, a Daniel Defense, Model DDM4, 5.56x45mm caliber rifle bearing serial number DDM4109375, that was in and affecting commerce, in violation of 18 U.S.C. § 922(g)(1).

**18 U.S.C. § 3147(1) Enhancement**

Beginning on or about October 8, 2026, and continuing through on or about October 14, 2026, in Fayette County, in the Eastern District of Kentucky, and elsewhere, **DELVEGIO CHRISTOPHER LAX, aka FOX**, did knowingly commit the offense described in Count 1, conspiracy to distribute a cocaine mixture in violation of 21 U.S.C. § 846, and Count 2, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), while on release pursuant to an order dated October 28, 2024, from the United States District Court for the Eastern District of Kentucky, Case No. 5:24-CR-102-KKC-MAS, which order notified said defendant of the potential effect of committing an offense while on pretrial release, all in violation of 18 U.S.C. § 3147(1).

**FORFEITURE ALLEGATION**
**21 U.S.C. § 853**
**18 U.S.C. § 924(d)**
**28 U.S.C. § 2461**

1. By virtue of the commission of the felony offense alleged in Count 1 of this Indictment, **DELVEGIO CHRISTOPHER LAX, aka FOX, and MAURICE WARD** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violation of 21 U.S.C. § 846 and any and all property constituting proceeds obtained directly or indirectly as a result of such violation. Any and all interests that **DELVEGIO CHRISTOPHER LAX, aka FOX, and MAURICE WARD**

have in this property are vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the offenses alleged in this Indictment, **DELVEGIO CHRISTOPHER LAX, aka FOX,** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violations of 18 U.S.C. § 922 and/or 21 U.S.C. § 846. Any and all interest that **DELVEGIO CHRISTOPHER LAX, aka FOX,** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following:

**FIREARM AND AMMUNITION:**

a. Daniel Defense, Model DDM4, 5.56x45mm caliber rifle bearing serial number DDM4109375, seized from 541 Deaton Place, Lexington, Kentucky on October 14, 2026; and
b. Assorted ammunition.

4. If any of the property listed above, as a result of any act or omission of the Defendants, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

[redacted]

JASON D. PARMAN
UNITED STATES ATTORNEY

MARY MELTON
ASSISTANT UNITED STATES ATTORNEY

# PENALTIES

**COUNT 1:** Not more than 20 years imprisonment, a fine of not more than $1,000,000, and at least 3 years supervised release.

**If the violation was committed after a prior conviction for a felony drug offense:** Not more than 30 years imprisonment, a fine of not more than $2,000,000, and at least 6 years supervised release.

**If the offense was committed while subject to an order of release under the Bail Reform Act:** An additional term of imprisonment of not more than ten years, to be served consecutive to the penalty for the underlying offense.

**COUNT 2:** Not more than 15 years imprisonment, a $250,000 fine, and 3 years supervised release.

**If the offense was committed while subject to an order of release under the Bail Reform Act:** An additional term of imprisonment of not more than ten years, to be served consecutive to the penalty for the underlying offense.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed items.